IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-569-FL

| | |
|---|---|
| LOURDES RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 27, 33).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 35) wherein it is recommended that the court grant plaintiff's motion, deny defendant's motion, and remand the case to the Commissioner of Social Security ("Commissioner") for further proceedings. Defendant timely filed an objection to the M&R, and the time for response to the objection has passed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts in part the analysis of the magistrate judge, declines to adopt the ultimate recommendation of the magistrate judge, and instead upholds the Commissioner's denial of benefits.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

**BACKGROUND**

On July 24, 2008, plaintiff filed an application for a period of disability and supplemental security income, alleging a disability onset date of June 4, 2008. A hearing was held before an Administrative Law Judge ("ALJ"), who determined that plaintiff was not disabled in a decision dated June 28, 2010. Plaintiff then requested a review of the ALJ's decision by the Appeals Council, and submitted additional evidence as part of her request. After reviewing and incorporating the additional evidence into the record, the Appeals Council denied plaintiff's request for review on August 20, 2011. Plaintiff filed her complaint in this court on October 20, 2011, seeking review of the final administrative decision.

A detailed summary of the procedural and factual history of the case is found in the M&R. See M&R 4-7. Where there is no objection to this portion of the M&R, the procedural and factual history of the case as set forth in the M&R is incorporated here by reference.

**DISCUSSION**

**I.  Standard of Review**

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

2

Case 5:11-cv-00569-FL   Document 37   Filed 06/04/13   Page 2 of 11

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since July 24, 2008, the application date. The ALJ then found at step two that plaintiff had the following severe

3

impairments: degenerative disc disease; herniated discs and depression. However, at step three the ALJ further determined that these impairments were not sufficiently severe to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff had the ability to perform unskilled sedentary work requiring a sit/stand option with the opportunity to alternate every 30 minutes, limited to only frequent postural activities with no climbing or hazards. In making this assessment, the ALJ found plaintiff's statements about plaintiff's limitations not fully credible. The ALJ further found that plaintiff was unable to perform any past relevant work. However, at step five, upon considering plaintiff's age, education, work experience, and RFC, as well as testimony of a vocational expert, the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff could perform. The ALJ therefore concluded that plaintiff had not been under a disability, as defined in the Social Security Act, at any time after July 24, 2008.

## II. Analysis

Plaintiff raised three arguments in support of her motion for judgment on the pleadings: (1) the ALJ improperly evaluated her credibility, (2) when evaluating RFC, the ALJ did not consider cervical radiculopathy and carpal tunnel syndrome, and (3) the ALJ did not properly evaluate medical opinions. (Mem. in Supp. Mot. J. Pleadings 11-18). The magistrate judge determined that plaintiff's first and second arguments were without merit, concluding that the ALJ properly evaluated plaintiff's credibility and that the ALJ properly assessed plaintiff's RFC. (M&R 8-15). The magistrate judge also determined that part of plaintiff's third argument was without merit, concluding that the ALJ adequately explained the weight given to the opinions of Dr. Kim, Ms.

4

Kleinberg, and Ms. Rayburn. (M&R 20-21). Upon careful review of the record, where no objection to these conclusions has been raised, the court adopts these conclusions of the magistrate judge and incorporates herein the corresponding discussion of plaintiff's claims. (M&R 8-15, 20-21).

Defendant objects to the remaining conclusion in the M&R that remand is required because the ALJ failed to assign weight to additional medical opinions by Drs. Lorensen, Koeleveld, Duskin, and Wadley, and failed to discuss treatment notes by Dr. Zimmerman. (M&R 15-19; Obj. 2-8).

Under Social Security Administration regulations, an ALJ is required to "explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for [the Social Security Administration]." 20 C.F.R. § 416.927(e)(2)(ii), 20 C.F.R. § 404.1527(e)(2)(ii). In addition, the Fourth Circuit has observed that the court "cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence." Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

Nevertheless, an ALJ need not discuss each item of evidence in the record, but instead may limit explanation of the weight given "to obviously probative exhibits." Gordon, 725 F.2d at 235. Furthermore, an ALJ's failure to expressly state the weight given to a medical opinion may be harmless error, when the opinion is not relevant to the disability determination or when it is consistent with the ALJ's RFC determination. See Johnson v. Barnhart, 434 F.3d 650, 655 (4th Cir. 2005) (court need not evaluate propriety of weight given to treating physician opinion that was submitted after date last insured and "not relevant" to the claimed period of disability); Morgan v.

5

Barnhart, 142 F. App'x 716, 722-23 (4th Cir. 2005) ("[A]ssuming . . . that this opinion is a medical opinion due special weight under the treating-physician rule, any error in failing to credit this opinion was harmless."); Yuengal v. Astrue, 4:10-CV-42-FL, 2010 WL 5589102 *9 n.9 & 10 (E.D.N.C. Dec. 17, 2010) (failure to acknowledge medical opinions was harmless error).

As noted in the M&R, plaintiff argues that the ALJ erred by not analyzing and explaining the weight given to the opinions of Drs. Lorensen and Zimmerman. (Pl's Mem. in Supp. Mot. J. Pleadings 16). Further, the magistrate judge concluded that the ALJ erred in failing to specify the weight given to the opinions of Drs. Koeleveld, Duskin, and Wadley. The court will address each in turn.

**A. Dr. Lorensen**

Dr. Lorensen performed a consultative orthopedic examination on August 22, 2006, and he provided a medical opinion that plaintiff had "moderate restrictions for ambulating and climbing stairs," "severe restrictions for squatting, bending, rotating, and extending," and "mild restrictions in fine motor activity of the left hand." (Tr. 260). The ALJ summarized Dr. Lorensen's opinion in his decision, but the ALJ did not expressly explain the weight given to this opinion. (Id. 25).

The ALJ's failure to explain weight given to Dr. Lorensen's opinion is harmless error because the opinion is not relevant to the period of disability at issue in this case. The history of plaintiff's alleged disability is pertinent to this analysis. Plaintiff testified that she injured her neck and back in a car accident in 2005. (Tr. 40-41). Plaintiff filed her first application for supplemental security income on August 4, 2006, alleging disability due to a back disorder. (Tr. 61). Dr. Lorensen's examination took place following this first application. (Tr. 257-260). Plaintiff's

6

application was denied at the initial level on December 6, 2006, and this denial noted Dr. Lorensen's report. (Tr. 67). Plaintiff did not appeal this initial denial.

Plaintiff filed her second application for supplemental security income on July 24, 2008, alleging disability since June 4, 2008, almost two years after Dr. Lorensen's opinion. At her hearing, plaintiff testified that the injuries from her car accident in 2005 "got better" and she thereafter moved to North Carolina. (Tr. 40). Then, during the 2007 to 2008 school year, for ten months, plaintiff worked full time as a school cafeteria worker. (Tr. 37-38). Plaintiff stopped working on June 4, 2008, when she injured her neck and back while lifting milk crates at work. (Tr. 38-40). Plaintiff stated that the injury she incurred while lifting the milk crates aggravated previous injuries from her car accident. (Tr. 40-41).

In light of this history, Dr. Lorensen's opinion was not probative to determining whether plaintiff was disabled under plaintiff's second application, because the opinion addressed injuries that had improved and pre-dated a ten-month period of full time work. Because of the intervening time period during which plaintiff's injuries improved and plaintiff returned to a period of work, coupled with the discrete injurious event precipitating plaintiff's second disability application, Dr. Lorensen's opinion regarding plaintiff's limitations in 2006 is irrelevant to plaintiff's functional capacity beginning in July 2008. See Johnson, 434 F.3d at 656 (finding failure to consider medical opinion outside disability period harmless where there was no evidence the impairments underlying the opinion "existed continuously"). Furthermore, Dr. Lorensen's opinion regarding plaintiff's limitations in 2006 is not consistent with substantial evidence in the record pertaining to the time period of alleged disability supporting the ALJ's RFC determination, as detailed in the M&R and incorporated herein by reference. See M&R 10-11; see Yuengal, 2010 WL 5589102 *10; Ambrose

7

v. Astrue, 2:11-CV-683, 2013 WL 1308981 *12 (E.D. Va. Mar. 28, 2013) (holding that failure to explain weight given to treating physician opinion harmless error where opinion issued two years after date last insured was "not consistent with the record during the relevant period"). Accordingly, the ALJ's failure to explain the weight given to Dr. Lorensen's opinion is harmless error.

**B. Dr. Zimmerman**

The record contains a report by Dr. Zimmerman, who examined plaintiff for purposes of a "physiatric consultation" on July 7, 2008. (Tr. 346). This report describes plaintiff's complaints, noting that plaintiff "has had fairly disabling pain in her neck" and that "[h]er pain is worse with sitting." (Tr. 346). The report also include findings from an MRI of the cervical spine, as well as examination findings stating that plaintiff had normal gait, normal stability and muscle tone in the thoracic spine and shoulders, limited side bending in the thoracic spine without pain, 5/5 strength in the upper extremities, intact sensation, normal coordination. (Tr. 346-47). In addition, the report notes that plaintiff has full range of motion in both shoulders without pain, and it notes that plaintiff "has a lot of myofascial guarding in the cervical spine with all planes of motion. All planes of motion are markedly limited of [sic] actively and passively." (Tr. 347). Finally, in a section marked "plan," Dr. Zimmerman notes: "[w]e will wait until after she has a surgical evaluation. If she elects conservative treatment we will consider a cervical ESI, [physical therapy] and medications." (Tr. 347). The ALJ did not discuss these notes in his decision. (Tr. 25-27).

As recognized in the M&R, Dr. Zimmerman's report is comprised of treatment notes, and it does not include a medical opinion as to plaintiff's functional limitations. (Id. 346-348). As such, the ALJ was not required under the Social Security Administration regulations to expressly state the weight he was applying to the treatment notes. See 20 C.F.R. 416.927. Nevertheless, even

8

assuming the failure to mention Dr. Zimmerman's report was error, the error was harmless because it "does not materially contradict" the evidence adopted supporting the ALJ's RFC determination. Morgan v. Barnhart, 142 F. App'x 716, 723 (4th Cir. 2005). In particular, Dr. Zimmerman's report does not state that plaintiff is more limited in her functioning than that expressed in the ALJ's RFC determination, which takes into account plaintiff's limitations and was supported by substantial evidence in the record. (Cf. Tr. 24 and 346-348; M&R 11-15). Furthermore, Dr. Zimmerman's plan to wait until after surgical evaluation and consideration of treatment options is consistent with the ALJ's determination that plaintiff's condition was not disabling. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling."). Accordingly, the ALJ's failure to explain the weight given to Dr. Zimmerman's report is harmless error.

**C. Dr. Koeleveld**

Dr. Koeleveld provided a consultative examination on July 29, 2008. In her report, Dr. Koeleveld states that plaintiff "has some cervical spondylosis, especially at C4-C5 as well as small central C4-C5 disk herniation. She has mild degenerative kyphosis at C4-C5." (Tr. 354). Dr. Koeleveld then notes "this is all probably somewhat symptomatic. Certainly, surgery does not need to be considered. We discussed natural history and I recommend some physical therapy." (Id.). The ALJ noted in his decision these findings by Dr. Koeleveld, but the ALJ did not assign a particular weight to them. (Tr. 27). The ALJ noted, however, that following Dr. Koeleveld's examination, plaintiff "received physical therapy services and enjoyed diminishing lumbar radicular symptoms," and "her pain was only 2-4/10 and she was able to tolerate longer sitting intervals." (Id.).

9

Assuming the ALJ erred in failing to explain the weight given to Dr. Koeleveld's findings, the error was harmless where, as with Dr. Zimmerman's report, Dr. Koeleveld's examination report "does not materially contradict" the evidence adopted supporting the ALJ's RFC determination. Morgan, 142 F. App'x at 723 (4th Cir. 2005). In particular, Dr. Koeleveld's statement that no surgery was necessary and that plaintiff's condition could be managed adequately with physical therapy is consistent with the ALJ's determination that plaintiff's condition was not disabling. See Gross, 785 F.2d at 1166. Moreover, Dr. Koeleveld's opinion that plaintiff's condition could be managed by physical therapy is also consistent with objective findings, noted by the ALJ, that plaintiff's condition, in fact, improved after she received physical therapy. (Tr. 27; 371-373).

**D. Drs. Duskin and Wadley**

As noted in the M&R, the ALJ also failed to expressly assign weight given to the opinions of Drs. Duskin and Wadley. These two opinions, however, also were consistent with the ALJ's RFC determination. In particular, Dr. Duskin, a state-agency psychological consultant opined that plaintiff's mood disorder and panic attacks resulted only in mild limitations in daily living and social functioning, moderate limitations in concentration, persistence, and pace with no decompensation. (Tr. 26; 480). The ALJ found that plaintiff's mental impairments resulted in the same or more restrictive limitations. (Tr. 24). Dr. Wadley opined in early 2010 that plaintiff had normal gait with full bilateral motor strength and that plaintiff had received "good relief" from steroid injections. (Tr. 641-42). This is consistent with the ALJ's determination of no disability, where plaintiff's condition could be adequately management with medications and treatment. (Tr. 27-28). Accordingly, the ALJ's failure to ascribe weight given to the opinions of Dr. Duskin and Dr. Wadley is harmless error. See Morgan, 142 F. App'x at 723.

## CONCLUSION

Upon de novo review of those portions of the M&R to which specific objections have been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court adopts in part the analysis of the magistrate judge as stated herein, declines to adopt the ultimate recommendation of the magistrate judge, and UPHOLDS the Commissioner's denial of benefits. Accordingly, plaintiff's motion for judgment on the pleadings is DENIED, and defendant's motion for judgment on the pleadings is GRANTED.

The clerk is directed to close this case.

SO ORDERED this the 4th day of June, 2013.

LOUISE W. FLANAGAN
United States District Judge